MARTIN et al. v. BISHOP. (No. 6721.)*

(Court of Civil Appeals of Texas. San Antonio. March 8, 1922. Rehearing Denied March 29, 1922.)

1. Appeal and error ⬫742(1) — Propositions not germane to assignment not considered.

Where there was only one assignment of error copied into the brief, and propositions of error sought to present matters not contained in that assignment, which contained no basis on which to rest these propositions, they will not be considered.

2. Appeal and error ⬫767(2)—Briefs grossly lacking in respect for trial judge will be stricken from the records.

Briefs containing unwarranted attacks on the character and motives of the trial judge, and lacking in respect for him, will be stricken from the records.

Appeal from District Court, Bell County; M. B. Blair, Judge.

Action by R. B. Bishop against J. E. Martin and others. From judgment for plaintiff, defendants appeal. Affirmed.

Will S. Payne, of Dallas, for appellants.

FLY, C. J. The transcript does not contain the petition of appellee, by whom, according to the judgment and the admission of appellant, this suit was instituted, and opens with a 16-page first supplemental petition; but we are led to conclude that it was an action of trespass to try title to a certain lot of land in an addition to the city of Temple, Bell county, Tex., and for rents, from the fact that the supplemental petition so states and the judgment was for the title and possession of the land and for rents in the sum of $458.35. In the face of the pleadings and judgment, however, appellants in their brief state that the object of the suit was "to foreclose a lien upon certain property described in the plaintiff's petition," and that their defense was that it was the separate property of Mrs. Martin, "and that the lien claimed was a mortgage upon her homestead." The court labored under the belief that the suit was one for the title and possession of the land because he peremptorily instructed the jury to return a verdict for appellee "for the recovery of title and possession of the property described in plaintiff's petition, and for damage for the use and possession of said property at the rate of $35 per month from and after July, 1920." In spite of the verdict the jury were instructed to return, and which it might be inferred that they did return were it not recited in the judgment that the verdict was "for the plaintiff for the possession and title to the property in controversy, and for the plaintiff generally for the relief prayed for in his pleadings," the court must have known that "the relief prayed for in his pleadings" was for $50 a month, for judgment was rendered in favor of appellee for that sum from July 8, 1920, to the date of the judgment, aggregating $458.35.

[1] What appellants denominate their "first proposition under the first assignment of error" has nothing in common with the first assignment of error, but is utterly foreign to it. The proposition complains of the action of the trial judge in instructing a verdict for appellee, while the first assignment of error complains of the refusal of the trial judge to permit appellants to introduce certain testimony. No other assignment of error is copied into the brief, and yet the third, fourth, and fifth propositions seek to present matters not contained in that assignment of error. There is no basis shown by the assignment of error upon which to rest either of the propositions and consequently they cannot be considered. There is no claim that the judgment was not authorized by the verdict, which is not contained in the record.

[2] The first proposition contains a violent attack upon the character and motives of the trial judge, attributing to him such corruption and depravity as would utterly unfit him to hold the high and important office of district judge, without one thing in the record tending to justify the accusations. Further than that, the attack is based on the proposition that the court rendered a judgment for fifty dollars a month for rent of the premises "when the plaintiff sued for $35 per month," which assertion is directly in the face of the record, for in the supplemental petition, the only pleading of appellee contained in the record, he plainly states that he is entitled to the land "together with damages in the sum of $50 per month from the time plaintiff became entitled to possession of said property." No such flagrant and outrageous disregard of the amenities which should always exist between bench and bar has ever before been filed in this court, and briefs containing such an exhibition of lack of respect for constituted authority upon the part of an attorney will not be permitted to remain as a part of the records of this court. The briefs will be stricken from the files of the court.

The judgment will be affirmed.

---

⬫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction May 10, 1922.