# OCTOBER, 1943.

### A. RAYMOND JONES V. HOWARD CODY ROSS.

No. 8076.  Decided June 23, 1943.
Rehearing overruled October 6, 1943.
(173 S. W., 2d Series, 1022.)

416

*Pinkney Grisson, Thompson, Knight, Harris, Wright & Weisberg,* all of Dallas, for petitioner.

It was error for the Court of Civil Appeals to overrule petitioner's proposition that since the plaintiffs alleged only a violation of the statute as a basis of negligence, the petition did not disclose a state of facts which would raise the issue of gross negligence, as the pleading of simple negligence would not form the basis of a recovery of exemplary damages. Rogers v. Galveston City Ry. Co. 76 Texas 502, 13 S. W. 540; Texas & N. O. Ry. Co. v. Hawthorne, 297 S. W. 321; Texas & Pac. Ry. Co. v. Bradford, 66 Texas 732, 2 S. W. 595.

*W. H. Hall* of Dallas, and *O. A. Featherson,* of Murfreesboro, Ark., for respondent.

MR. JUSTICE CRITZ delivered the opinion of the Court.

In appears from the record before us that Chester Howard Ross was killed in the course of his employment while working as an employee of A. Raymond Jones. Jones carried workmen's compensation insurance, and the insurance carrier has fully complied with our Workmen's Compensation Law by paying to his widow and son all the compensation required and provided thereby. These facts appear on the face of plaintiffs' petition in this cause.

This suit was filed in the District Court of Dallas County by Violet True Ross and Howard Cody Ross, surviving widow and minor son, respectively, of Chester Howard Ross, deceased, against A. Raymond Jones, to recover exemplary damages for the death of Chester Howard Ross under Section 26 of Article

16 of our State Constitution. Defendant answered plaintiffs' petition by a general demurrer, a general denial and a special answer. The district court sustained the general demurrer, and, upon plaintiffs' refusal to amend, dismissed this case. On appeal by Howard Cody Ross alone, the Court of Civil Appeals reversed the judgment of the district court and remanded this cause thereto for trial upon its merits. 166 S. W. (2d) 169. Jones brings error.

■ This case was tried after the effective date of our present Texas Rules of Civil Procedure. Rule 90 expressly provides that, "The general demurrer shall not be used." It follows that the district court committed error in considering or sustaining the general demurrer. However, we cannot reverse the judgment of the district court for such error, because the appellant presented this case to the Court of Civil Appeals on assignments that confined that court to law questions which test the sufficiency of the petition in the district court as against a general demurrer. They do not assign the mere fact that the general demurrer was considered and sustained as error.

■■ By their petition in the district court the plaintiffs in substance alleged: That their cause of action is based on Section 26 of Article 16 of our State Constitution, and Article 1582 of our Penal Code, and Article 5182 of our Civil Statutes; that at the time Chester Howard Ross met his death he was an employee of the defendant Jones; that Chester Howard Ross met his death while in the course of his employment; that defendant was a general contractor, engaged in erecting and constructing a steel frame building more than three stories high, in the City of Dallas, Texas; that at the time he was killed, Chester Howard Ross went upon such building at the direction of defendant; that while so working, and while exercising due care, Chester Howard Ross fell from the place where he was working, a distance of some 28 feet, and was thereby killed; that the defendant failed to have the beams, joists, and girders below the floor level, where Chester Howard Ross was at work, covered with planks laid close together, as required by the above-named statutes, and that such failure was the proximate cause of Chester Howard Ross' death.

Section 26 of Article 16 of our State Constitution provides:

"Every person, corporation, or company, that may commit a homicide, through wilful act, or ommission, or gross neglect, shall be responsible, in exemplary damages, to the surviving hus-

band, widow, heirs of his or her body, or such of them as there may be, without regard to any criminal proceeding that may or may not be had in relation to the homicide.

Article 1582 of our Penal Code and Article 5182 of our Civil Statutes are identical, except Article 1582 of our Penal Code provides a criminal penalty for its violation, and each day of violation is a separate offense.

As pertinent to this case, the above-named statutes provide:

"Protection of workmen on building.—1. To prevent workmen from falling.—Any building three or more stories in height, in the course of construction or repairs, shall have the joists, beams or griders of each and every floor below the floor level where any work is being done, or about to be done, covered with planking laid close together, said planking to be of not less than one and one-half inches of thickness in buildings that have steel framework, and what is commonly known as one-inch plank in all others where joists are set on two feet centers or less, to protect the workmen engaged in the erection or construction of such buildings from falling through joists, girders, and from falling planks, bricks, rivets, tools or other substances, whereby life and limb are endangered."

It will be noted that Section 26 of Article 16 of our State Constitution provides for liability as for exemplary damages where a homicide is committed "through wilful act, or omission, or gross neglect, * **." It will be further noted that Article 1582 of our Penal Code and Article 5182 of our Civil Statutes make it the duty of a contractor constructing a building more than three stories in height to have the joists, beams or girders of each and every floor below the floor level, where any work is being done, covered with planking laid close together, etc.

An examination of plaintiffs' petition in the district court discloses that it contains no allegations that would render Jones guilty of a homicide by wilful act, or omission, or gross neglect, within the meaning of Section 26 of Article 16 of our Constitution, unless it can be said that his mere violation of the above-mentioned statutes has operated to do so. In fact, an examination of plaintiff's brief in the Court of Civil Appeals discloses that he plants himself squarely on the proposition that, as a matter of law, the intentional violation of the above-mentioned statutes authorizes a judgment for exemplary damages if such violation causes death. As we interpret it, the opinion of the Court of

Civil Appeals sustains this contention. We hold that this ruling of the Court of Civil Appeals is erroneous, for reasons which we will now proceed to give.

It is the settled law of this State that the provisions of our State Constitution mean what they meant when they were promulgated and adopted, and their meaning is not different at any subsequent time. Constitutional provisions must be construed in the light of conditions existing at the time of adoption, and it does not lie within the power of the Legislature to change their meaning, or to enact laws in conflict therewith. Travelers' Ins. Co. v. Marshall, 124 Texas 45, 76 S. W. (2d) 1007, 96 A. L. R. 802; Cramer v. Sheppard, 140 Texas 271, 167 S. W. (2d) 147, It follows that Section 26 of Article 16 of our Constitution only operates to allow exemplary damages for homicide by wilful act or omission, or gross neglect, in the classes of exemplary damage cases in existence at the time it was adopted. At such time Articles 1582 and 5182 of our Statutes had never been enacted. They therefore cannot affect such cases one way or the other.

■ In our opinion, independent of Section 26 of Article 16 of our Constitution, the petition in this instance states no cause of action for exemplary damages. As already shown, such petition charges the defendant with no act or omission that would authorize the recovery of exemplary damages, absent the above-quoted statute. The right to such damages is, by the express allegation of the petition, grounded on the theory that they may be recovered for the mere violation of a statute made for the protection of persons from injury, if injury results from such violation. We think that exemplary damages cannot be recovered for the mere violation of a statute, whether it be one carrying a criminal penalty or not. 15 Amer. Jur., p. 711; 25 C. J. S., p. 719, id. p. 726; Payne v. Vance (Ohio), 103 N. E. 85.

We quote as follows from 25 C. J. S., p. 719:

"While it has been stated that the violation of a criminal law, which results in any actual damage to a person, is a sufficient foundation for punitive damages, in general the fact that an act for which a recovery of damages is sought is punishable criminally will not alone authorize a recovery of exemplary damages, nor, according to the more generally accepted rule, will such fact bar a recovery of such damages. * * *."

We also quote as follows from 25 C. J. S., p. 726:

"The fact that an act is unlawful is not of itself ground for an award of exemplary or punitive damages. The act complained

of not only must be unlawful but also must partake of a wanton and malicious nature, or, as sometimes stated, somewhat of a criminal or wonton nature, and an act will not be deemed malicious, and so warranting punitive damages, merely because it is unlawful or wrongful. * * *."

■ .The opinion of the Court of Civil Appeals holds that where a statute requires an employer to take designated precautions for the safety and protection of his employees, a noncompliance with such statute operates to deprive the employer of the defense of the assumption of risk, although the statute contains no express provision to that effect. While there is authority to the contrary, we are of the view that the great weight of authority supports the holding of the Court of Civil Appeals. 39 C. J., p. 701, and authorities there cited; 35 Amer. Jur., p. 731, and authorities there cited.

Because in our opinion the plaintiffs' petition in the district court states no cause of action against A. Raymond Jones for exemplary damages, the judgment of the Court of Civil Appeals is reversed, and the judgment of the district court is affirmed.

Opinion delivered June 23, 1943.

Rehearing overruled October 6, 1943.