**CONNOR et al. v. BOYD et al.**

No. 2540.

Court of Civil Appeals of Texas. Waco.

Oct. 21, 1943.

Rehearing Denied Dec. 16, 1943.

Street & Street, of Waco, for appellants.
Bryan & Maxwell, of Waco, for appellees.

HALE, Justice.

This is a suit in trespass to try title and for partition, involving a house and lot situated in the City of Waco. J. N. Boyd and wife, Alberta Boyd, acquired the legal title to the lot by deed dated July 26, 1905 for a recited consideration of $100 cash, the execution of a note for $50, and the assumption of an outstanding indebtedness of $225. Shortly thereafter a house was constructed upon the lot and thereupon the premises became and continued to be the homestead of the family until the death of the survivor. J. N. Boyd died intestate in 1928, leaving his widow and their two children, to-wit, appellant Mrs. Alice Boyd Connor and appellee N. W. Boyd, as his sole surviving heirs at law. On August 3, 1935, Mrs. Alberta Boyd executed and delivered a deed to appellee reciting that in consideration of love, affection, $5 and a reserved life estate, she conveyed to him "all my entire undivided interest" in the premises in controversy. Mrs. Boyd died in 1937. Appellant instituted the suit, claiming an undivided one-fourth interest in the property as an heir at law of her deceased father. Appellee alleged that the property was purchased with the separate funds of his mother, that the deed dated July 26, 1905, should have conveyed the lot to her as her separate estate, and that the name of his father was inserted as a grantee in such deed through inadvertence. He claimed to own the entire property under the conveyance from his mother. The broad issue thus drawn was whether the property constituted the separate estate of the mother or the community estate of the father and mother.

Upon the conclusion of the evidence the case was submitted to a jury on special issues, in response to which they found, among other things, that the property was purchased with separate funds of Mrs. Alberta Boyd and that the title thereto was put in the name of J. N. Boyd by mistake. In this connection the court charged the jury that by "separate funds" was meant all property, if any, both real and personal, of Mrs. Boyd, owned or claimed by her before marriage and that, if any, acquired afterwards by gift, devise or descent. The record does not show that either party requested a peremptory instruction or made any objection to any part of the court's charge as submitted to the jury. After the verdict of the jury was returned, however, appellant moved the court to render judg-ment in her favor notwithstanding the verdict upon the contention that the issues as submitted were without support in the evidence and that the undisputed evidence entitled her to the relief sought. Appellee moved for judgment in his favor on the verdict. The court overruled the motion of appellant, granted the motion of appellee, rendered judgment accordingly, and overruled appellant's motion for new trial, to all of which she excepted and from which she has duly appealed.

Appellant says the judgment should be reversed because the undisputed evidence showed the property to be the community estate of J. N. Boyd and wife, Alberta, it being her contention there was no evidence that the consideration for such property was paid from the separate funds of her mother. Since the legal title was acquired during coverture under a deed which did not recite the consideration therefor was paid out of the separate funds of either spouse, or that the property was being conveyed to either as his or her separate estate, the presumption thereby arose that such property constituted the community estate of both. Having arisen as the result of a rule of evidence, however, this presumption was not necessarily conclusive. Like any other rebuttable presumption, it was subject to being overcome by competent, admissible evidence showing facts to the contrary. 17 Tex.Jur., p. 252, sec. 60 and cases cited. As said in the case of Foster v. Christensen, Tex.Com. App., 67 S.W.2d 246, 249: "The wife's separate ownership of property, although standing in the name of her husband or appearing on record to be community property, may be proven as any other fact by any competent evidence, including parol evidence, surrounding circumstances, and declarations of the parties." Hence, in our opinion, the controlling question presented by this appeal is whether there was any legal evidence raising the issues submitted to the jury.

Mrs. Alberta Boyd was the only child of Mr. and Mrs. Hunter who, during their lifetime, acquired a certain 200 acre tract of land. After the death of Mr. Hunter his surviving widow married J. B. Waddell. Thereafter, on June 25, 1890, J. B. Waddell joined his wife in the execution and delivery of a deed conveying to J. N. Boyd and wife, Alberta, 100 acres out of the 200 acre tract aforesaid, reciting therein a consideration of $5 and the love and af—

fection which they bore for the daughter. Sometime in 1905 J. N. Boyd and wife, Alberta, executed a deed of trust covering the 100 acres as security for a loan of $1,000. This deed of trust was not dated, but it was filed for record on September 15, 1905.

Mrs. White and Mrs. Chambers were daughters of J. B. Waddell and half-sisters of Mrs. Alberta Boyd. They each testified, in effect, that J. N. Boyd had stated in the presence of each on numerous occasions that the 100 acres of land and the house and lot here in controversy was the separate property of his wife, Alberta, or "Bertie" as he called her; that Alberta borrowed money on the property she acquired from her father's estate to build the house and "it was all hers and he had nothing to do with it." Mrs. White said on one occasion when her sister and husband decided to leave the farm, build the house here involved and move to town, J. N. Boyd told his wife to go ahead; that the place belonged to her and he didn't see why his name was in the deed; "that he didn't own anything in it; that it was her property." E. B. Waddell, who was a half-brother of Mrs. Alberta Boyd, testified that during the fall of 1905 he built the house on the lot here involved; that he had heard J. N. Boyd discuss the ownership of the property many times and he always said it belonged to his wife.

Although J. N. Boyd obligated himself to pay off and discharge the $1,000 secured by the deed of trust on the 100 acre tract and the deferred payments on the purchase price of the lot in controversy, these facts alone did not necessarily render the $1,000 community funds or the lot purchased with such funds, if it was so purchased, community property. McClintic v. Midland Grocery & Dry Goods Co., 156 Tex. 32, 154 S.W. 1157. Furthermore, the fact that the notes were paid, either in whole or in part, during coverture, was not conclusive as to whether such notes were paid with community funds. Jenkins v. Robinson, Tex.Civ.App., 169 S.W.2d 250. We have concluded that the evidence as a whole presented mixed questions of law and fact for the court and jury rather than pure questions of law for the court as to whether the premises in controversy constituted the separate property of Alberta Boyd, and that the court did not err in rendering judgment on the verdict. Sabinal Nat. Bank v. Cunningham, Tex.Civ.

App., 256 S.W. 317; Sparks v. Taylor, 99 Tex. 411, 90 S.W. 485, 6 L.R.A.,N.S., 381; Schmidt v. Huff, Tex.Sup., 19 S.W. 131.

Appellant says the pleading of appellee was insufficient to constitute a defense or cause of action because it merely alleged that J. N. Boyd and wife, Alberta, borrowed funds on her separate real estate which were used to purchase the property in controversy, without alleging a mutual intention or agreement that such loan should be repaid or that the deferred payments on the purchase price of the lot should be made with the wife's separate funds. If timely objections had been made to the pleading on such grounds in the manner required by law, the same might have been good. However, under Rule 90, Texas R. C. P., the use of the general demurrer has now been abolished in Texas. Since such defect, omission or fault, if any, in the pleading was not specifically pointed out and brought to the attention of the trial judge at the time and in the manner required by this rule, the same must be deemed to have been waived by appellant. Moreover, such issues were only incidental to and constituted component parts of the broader ultimate issue raised by the pleadings and relied upon by appellee as his ground of defense and recovery. Having been tried by implied consent of the parties, such issues should be treated in all respects as if they had been raised in the pleadings. Rule 67, R. C. P.

Appellant also says there was no evidence of any intention or agreement that the $1,000 loan would be repaid or that the deferred payments on the lot would be made with the separate funds of the wife, or that the initial payment of $100 on the lot was made with her separate funds. The argument is advanced that the initial payment of $100 must have been made on July 26, 1905, and that the $1,000 loan was not consummated until September 15th following. As we view the record it was not necessary for appellee to plead or to prove by direct evidence that the initial payment of $100 was derived from the $1,000 loan or as to when the proceeds from such loan were actually received. While there was no direct evidence in support of such issues, we think the proof of the surrounding circumstances, and the repeated declarations made by J. N. Boyd while he was in possession of the property, were sufficient to raise all the component fact elements essential to sustain the ground

of defense and recovery relied upon by appellee. Pounds v. Minter, Tex.Com.App., 13 S.W.2d 351. Furthermore, in the absence of any objection to the court's charge or any request for the submission of any element of fact embraced in the ultimate ground of defense and recovery as submitted, we must presume that the trial court properly found all the issuable component elements of fact embraced in the ultimate ground submitted in such way as to support the judgment. Wichita Falls & O. R. Co. v. Pepper, 134 Tex. 360, 135 S. W.2d 79.

Finding no reversible error in the case, all of appellant's points are overruled and the judgment of the trial court is affirmed.