**PENA et al. v. SNARE et al.**

No. 2682.

Court of Civil Appeals of Texas. Waco.

July 12, 1946.

Rehearing Denied Sept. 5, 1946.

Tom M. Hamilton and J. A. Kibler, both of Waco, for appellants.

W. H. Earle and Fitzpatrick & Dunnam, all of Waco, for appellees.

HALE, Justice.

This suit involves the custody of a child. It was instituted on September 7, 1945, by the child's mother, suing individually and as next friend, against appellee as supervisor of McLennan County Child Welfare Unit. The objects of the suit were (1) to set aside a prior judgment rendered by the court below on February 28, 1945 decreeing the child to be dependent and neglected and committing its custody to appellee and (2) to require appellee by mandatory injunction to deliver the child to its mother. Appellee answered, among other things, with two exceptions, thereby asserting that the present proceeding should be dismissed because the pleading of appellant (1) "failed to disclose any merit," and (2) such pleading constituted a motion for new trial in the former proceeding and was filed too late. Without hearing any evidence the court sustained the exceptions and dismissed the suit. Appellant says such action constituted reversible error.

In her petition appellant alleged in substance that on February 27, 1945, appellee instituted an ex parte proceeding in that court seeking to have the child declared dependent and its custody committed to

her; that appellee attached to the application in the ex parte proceeding a written instrument purporting to be a request on the part of appellant to have her daughter declared a dependent child; that no citation or other notice was issued on said application; appellant "is a Mexican, is ignorant and uneducated and is unable to read, or write, or understand the English language"; the child was born on February 22, 1945, and on or about that date appellee presented to appellant the instrument aforesaid typewritten in English and requested appellant to sign the same, making certain false representations as to the contents and purposes of such instrument; appellant signed the same believing such representations to be true, not knowing that such instrument purported to be a request on her part to have her infant adjudged a dependent and neglected child; appellant was not present or represented at the hearing in the ex parte proceeding, had no knowledge or notice thereof, or of the entry of judgment therein until after the term of court at which said judgment was rendered had adjourned; and after appellant had recovered from the effects of childbirth she repeatedly requested appellee to restore to her the custody of her child but appellee "has failed and refused to do so and has delivered the care and custody of said infant to Andraes Macia and Amelia Macia and said parties on, to-wit, August 31, 1945 filed in this Court their application for the adoption of said infant by them; and plaintiff Mary Pena shows to the Court that she had a deep natural affection for said infant; and is ready, willing and able to care for, support and educate said infant."

In our opinion appellant's petition did not fail to disclose any merit. If the facts therein alleged be true, as we must assume under a general demurrer or under the exceptions presented by appellee, then appellant was entitled individually to a full hearing in the present proceeding as to whether such facts existed at the time when the prior judgment was rendered on February 28, 1945 as to authorize the rendition of a judgment of dependency. De Witt v. Brooks, 143 Tex. 122, 182 S.W.2d 687. But, regardless of the asserted right of appellant, individually, to have the former judgment set aside, we think the pleading and relief sought thereunder was sufficient to require the court to hear such evidence as either party might desire to present as to what would best serve the child's highest welfare in so far as its further custody at this time is concerned. We are impelled to this view because the prime consideration in the disposition of any child custody case is the welfare of the child. Kelly v. Page, Tex.Civ.App., 186 S.W.2d 735, error refused; Oldfield v. Campbell, Tex.Civ.App., 191 S.W.2d 897; Norris v. Norris, Tex.Civ.App., 194 S.W. 2d 813.

Moreover, even though the pleading might have been defective or insufficient in one or more particulars to entitle appellant to all of the relief sought, it was the duty of appellee under the present rules of procedure to point out such defect with particularity, either by written motion or special exception, in order that appellant might thereby be given a reasonable opportunity to cure such defect or insufficiency, if any. Rules 90 and 91, T.R.C.P.; Connor v. Boyd, Tex.Civ.App., 176 SW.2d 212, pts. 8 and 9, error refused; Jones v. Ross, 141 Tex. 415, 173 S.W.2d 1022, pt. 1. We do not think the so-called exceptions of appellee were sufficient for that purpose.

We are furthermore of the opinion that appellant's petition in the present proceeding did not constitute a belated motion for new trial in the former proceeding but was in legal contemplation a meritorious motion for an original trial in this proceeding on the issue of dependency. In other words, the suit evidenced by the petition was in part an independent action in the nature of a bill of review to set aside the former judgment on the grounds of fraud and a want of citation and it was in part an independent action to change the child's custody, regardless of the issue of dependency. Hence, the trial court should have heard such proper evidence as either party wished to adduce on either or both of the causes of action thus asserted and after having heard the evidence he should have rendered such judgment as the facts in the case warranted.

Since the judgment of dismissal must be reversed, we deem it proper to observe that if the child is in the custody of Andraes Macia and wife, as indicated in the petition of appellant, they should be made parties to this proceeding before a trial of the case is had on its merits in order that a multiplicity of suits may be avoided and a proper and effective judgment may be rendered by the court in disposing of the child's further custody in keeping with its highest welfare.

Because of the errors discussed the judgment appealed from is reversed and the cause is remanded to the trial court for further proceedings not inconsistent with the views herein expressed.