**CLARK et al. v. CITY OF DALLAS et al.**
**No. 2909.**

Court of Civil Appeals of Texas. Waco.
March 9, 1950.

Rehearing Denied April 13, 1950.

used car dealers. Plaintiffs alleged that the purported ordinance as a whole and many of the separate sections thereof were null, void and invalid because such ordinance and various parts of the same under the facts therein set forth, were violative of certain general laws of the State of Texas and of numerous provisions contained in the Constitution of the United States and of the State of Texas. They further alleged that they were bringing their suit "both under the law as it existed prior to the adoption in Texas of the Uniform Declaratory Judgments Act, Title 46a, Article 2524—1 of Vernon's Annotated Civil Statutes of Texas, and in addition, seek a declaratory judgment under such Declaratory Judgments Act, same giving this court jurisdiction to enter a judgment both upon the constitutionality of the act and declaring the rights, obligations, duties and liabilities of the plaintiffs as well as the defendant and its officers, agents, servants and employees."

Defendants answered the petition of plaintiffs with a motion to dismiss the same, with numerous special exceptions thereto and with general and special denials and other pleas in bar. The motion to dismiss the petition of plaintiffs was based upon five alleged grounds, the substance thereof being as follows: (1) the petition shows upon its face that the ordinances attacked are penal in nature and consequently the court does not have jurisdiction to entertain the attack upon such ordinances or to enjoin the enforcement thereof; (2) the petition does not disclose on its face threatened injury or damages of an irreparable nature and does not discount the lack of an adequate remedy at law in the plaintiffs; (3) the ordinances under attack have been previously attacked unsuccessfully in two prior proceedings and the final judgments entered therein render the issues in this cause res adjudicata; (4) the petition fails to allege that plaintiffs have attempted to comply with the ordinances under attack or that the defendants have refused to comply therewith or that plaintiffs have been compelled to retire from their business or that they intend to remain in business or that any injury they might suffer would

Shook & Shook, Dallas, for appellants.

H. P. Kucera, Dallas, H. Louis Nichols, Dallas, for appellees.

HALE, Justice.

John M. Clark and other dealers in new and used automobiles, hereafter referred to as plaintiffs, brought this action against the City of Dallas, a municipal corporation, its Chief of Police and others, hereafter referred to as defendants, seeking declaratory and injunctive relief from the threatened enforcement of an extensive ordinance purporting to have been passed by the City of Dallas for the purpose of regulating

be of such irreparable nature that it could not be compensated in money damages; and (5) the petition of the plaintiffs "is unusually verbose, difficult of understanding, incoherent in context, and nothing more than argumentative legal conclusions and assertions," and violates Rules 45 and 47, and "such petition should be ordered stricken and the plaintiffs required by this court to replead their case in accordance with Rule 68 of the Rules of Civil Procedure, for all of which reasons the plaintiffs' petition should be dismissed."

Upon a hearing of the foregoing motion to dismiss the petition of the plaintiffs, the court sustained the same and dismissed the cause, reciting in the order of dismissal that the court was of the opinion the law of the case "is with the defendants and that no amendment by the plaintiffs could state a cause of action." The court did not hear any evidence or pass upon any of the special exceptions interposed by the defendants to the petition of the plaintiffs. Having excepted to the order dismissing their suit, the plaintiffs have duly perfected their appeal therefrom. Under appropriate points of error in their brief they say the order appealed from should be reversed and their asserted cause of action should be reinstated in the court below for such further proceedings as may be proper.

■ The plaintiffs attached to their petition in the trial court a copy of the ordinances of which they complained. It appears from the provisions in such ordinances that they are in some respects penal in nature. However, we do not think the fact that the ordinances were penal in nature deprived the trial court of jurisdiction to entertain the suit of plaintiffs for declaratory and injunctive relief under the terms of the Uniform Declaratory Judgments Act as embraced in Art. 2524—1 of Vernon's Tex.Civ.Stats. Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 172 A.L.R. 837; Dodgen v. Depuglio, Tex.Sup., 209 S.W.2d 588, pt. 2. See also: Dill v. Hamilton, 137 Neb. 723, 291 N.W. 62, 129 A.L.R. 743 and annotation, pages 751-758.

■ Since the trial court had jurisdiction to pass upon the asserted invalidity of the ordinances complained of and to declare the rights, status and legal relations of the parties thereunder we are of the opinion that the court erred in sustaining the motion of the defendants to dismiss the petition of the plaintiffs and in summarily dismissing the cause of action alleged by plaintiffs. Under the facts alleged by plaintiffs they were entitled to some character of declaratory relief, even though they might not have been entitled to all of the relief they sought. Furthermore, the use of general demurrers has been abolished in Texas. If defendants considered the petition of plaintiffs to be defective either in form or substance, it was their duty to point out with particularity any such defect, omission, obscurity, generality or other insufficiency, in order that plaintiffs might be given a reasonable opportunity to cure such defect or insufficiency, if any, by amendment. Rules 90 and 91, T.R.C.P.; Connor v. Boyd, Tex.Civ.App., 176 S.W.2d 212, pts. 8 and 9, er. ref. W. M.; Jones v. Ross, 141 Tex. 415, 173 S.W.2d 1022, pt. 1; Pena v. Snare, Tex.Civ.App., 196 S.W.2d 207, pt. 4. We think the grounds in the motion of the defendants to dismiss the petition of the plaintiffs were insufficient as a matter of law to warrant a dismissal and that they were too general and indefinite to constitute a compliance with the rules in that they did not point out any specific defect in the petition with that degree of particularity required by the rules. In all events, the plaintiffs should have been given an opportunity either to amend or to decline to amend their petition before their suit was dismissed from the docket upon the trial court's unwarranted assumption that no amendment by the plaintiffs could state a cause of action. Jud v. City of San Antonio, 143 Tex. 303, 184 S.W.2d 821.

Therefore, the judgment appealed from is reversed and the cause is remanded with instructions to reinstate the same upon the docket of the trial court for further proceedings not inconsistent with the views herein expressed.