**Betty (Minyard) STEIN, Appellant,**

v.

**HIGHLAND PARK INDEPENDENT SCHOOL DISTRICT, Appellee.**

**No. 8612.**

Court of Civil Appeals of Texas, Texarkana.

Nov. 7, 1978.

Rehearing Denied Dec. 12, 1978.

Betty (Minyard) Stein in pro. per.

Stephen F. Fink, Thompson, Knight, Simmons & Bullion, Dallas, for appellee.

HUTCHINSON, Justice.

This is an appeal from an order of dismissal entered by the trial court upon appellant's refusal to amend her pleadings as required by a pre-trial order of that court. A brief history of this litigation is deemed to be in order. The suit was filed on August 3, 1972, naming the Highland Park Independent School District and each member of its board of trustees, individually, as defendants. Thereafter, the trial court granted a motion for summary judgment filed on behalf of the school district and its individual trustees upon the unsworn pleadings of the parties. Appellant perfected her appeal to the Court of Civil Appeals and thereafter on August 3, 1976, the judgment of the trial court was affirmed in part and reversed and remanded in part. (See 540 S.W.2d 551 stating that appellant had pleaded a cause of action based upon a continuing nuisance.) Thereafter, on May 24, 1977, Mrs. Stein (appellant) requested the trial court to hold a pre-trial conference and the trial court scheduled such conference for July 1, 1977, at 2:00 o'clock p. m. and so notified the parties. Such conference was thereafter rescheduled for July 8, 1977, at 9:00 o'clock a. m. and the parties were directed to prepare a pre-trial order in accordance with the opinion of the Court of Civil Appeals. At such hearing the district court by pre-trial order struck all of Mrs. Stein's pleadings and granted her leave to amend up to and until August 8, 1977. On August 8, 1977, Mrs. Stein filed a document stating her intention not to amend and at a final pre-trial hearing on September 9, 1977, she persisted in her refusal and the district court dismissed the case and later refused to reinstate since her refusal to file amended pleadings was not withdrawn. She has now perfected her appeal to this Court.

This Court in the 1976 appeal of the summary judgment ruling pointed out that the then 13 points of error were not prepared in conformity with the rules, but in the interest of justice would be considered. Again we are petitioned to consider a brief that falls far short of the requirements and directions of Rule 418, Tex.R.Civ.P., and is replete with disrespectful and unjustified language concerning the trial judge and opposing counsel. Of course, Mrs. Stein has the right to represent herself in this or any other state court in Texas, Rule 7, Tex.R. Civ.P., but in so doing she is bound by the law and rules of procedure governing the courts of this State. See *Stein v. Lewisville Independent School District*, 481 S.W.2d 436 (Tex.Civ.App. Fort Worth 1972, writ ref'd n. r. e.), *appeal dism'd, cert. denied*, 414 U.S. 948, 94 S.Ct. 272, 28 L.Ed.2d 203, *rehearing denied*, 414 U.S. 1137, 94 S.Ct. 887, 38 L.Ed.2d 765 (1974), wherein the court stated:

"... this court is bound to apply the law and rules of procedure without consideration of who the parties might be or how inadequate their representation, in complete equality of treatment under the law. In other words we may not give Mrs. Stein any special consideration because she is a widow, is attempting to represent herself—and her grown children—without the aid of an attorney, and has overlooked matters which might have been of some benefit had there been adequate pleadings and proof. We must treat the case as though her acts and her failure to act occurred with benefit of licensed counsel."

See also *Martin v. Bishop*, 238 S.W. 1018 (Tex.Civ.App. San Antonio 1922, writ dism'd):

"The first proposition contains a violent attack upon the character and motives of the trial judge, attributing to him such corruption and depravity as would utterly

unfit him to hold the high and important office of district judge, without one thing in the record tending to justify the accusations. . . . No such flagrant and outrageous disregard of the amenities which should always exist between bench and bar has ever before been filed in this court, and briefs containing such an exhibition of lack of respect for constituted authority upon the part of an attorney will not be permitted to remain as a part of the records of this court. The briefs will be stricken from the files of the court."

Rule 68, Tex.R.Civ.P., grants to the trial court the power to order a repleader as was done here. Such granted power would be meaningless without the power of enforcement. Here the trial court in its discretion chose to dismiss the case rather than to hold Mrs. Stein in contempt of court for her absolute refusal to obey the court's order. *Shaw v. Universal Life & Accident Ins. Co.*, 123 S.W.2d 738 (Tex.Civ.App. Dallas 1939, no writ); *City of Alice v. Lacey*, 362 S.W.2d 919 (Tex.Civ.App. San Antonio 1962, no writ); *Ship Ahoy, Inc. v. Whalen*, 347 S.W.2d 662 (Tex.Civ.App. Houston 1961, no writ); *Clark v. City of Dallas*, 228 S.W.2d 946 (Tex.Civ.App. Dallas 1950, no writ). Appellant's complaint goes only to the authority of the trial court to order the repleader and not to the chosen manner of enforcing it. Appellant could and should have complied with the order, noting her objections and exceptions in the record. This she elected not to do and documented in the record her refusal. The trial court then had the option of rescinding the order, overlooking its open violation, holding appellant in contempt or striking her pleadings. The trial court chose the latter method and it is not now contended, nor has it ever been contended, that the court abused its discretion in selecting dismissal as the means to compel compliance with its order and no error in this regard is now found by this Court.

The brief of Mrs. Stein, appellant, on file with this Court is saturated with disrespectful language and unjustified accusations against the trial judge and opposing counsel. Following are a few examples: the judge and appellee's attorney "culprits"; judge guilty of "cheap tricks"; dismissal of case "based on emotion"; judge lacks integrity and is guilty of extreme prejudice and bias, misconduct and corruption and bad faith; judge conspiring with counsel to "throw case" and then cover it up; judge attempts to avoid crimes of former tax collector; and based his decision of dismissal upon pure emotion or his own law based upon emotion. These and other scurrilous and disrespectful accusations are found throughout appellant's brief and are inseparable therefrom and of themselves would afford just grounds for striking her brief from the files of this Court. *Martin v. Bishop*, supra.

Instead, appellant's "Brief" and "Points of Error" have been reviewed and found not to demonstrate error of the trial court in dismissing her suit.

Accordingly, the order of the trial court is affirmed.