Juanita Lucille PUTMAN et
al., Petitioners,

v.

MISSOURI VALLEY, INC., Respondent.

No. B–9886.

Supreme Court of Texas.

May 27, 1981.

Rehearing Denied June 30, 1981.

C. J. Humphrey, Amarillo, for petitioners.

Stokes, Carnahan & Fields, Thomas D. Farris and Richard E. Stokes, Jr., Amarillo, for respondent.

RAY, Justice.

This is a suit for exemplary damages brought by Juanita Lucille Putman, individually and as next friend for Pennye Eileen Putman and Timothy John Putman, her minor children, against Missouri Valley, Inc., the employer of her deceased husband, Haskell B. Putman, Jr. Mrs. Putman alleged that her husband's death resulted from the gross negligence of Missouri Valley. Mrs. Putman is receiving workers' compensation benefits. She brought this exemplary damages action under article XVI § 26 of the Texas Constitution and article 8306 § 5, Texas Revised Civil Statutes Annotated. After a jury trial, judgment was rendered for Putman based on the jury's verdict. The court of civil appeals reversed the trial court and rendered judgment for Missouri Valley. 604 S.W.2d 545. We reverse the judgment of the court of civil appeals. The question presented is whether there is any evidence to support the jury's finding that Missouri Valley was grossly negligent.

Missouri Valley, Inc., an independent contractor, was building the Harrington Station # 2 power plant in Potter County for the Southwestern Public Service Company. On Friday, May 6, 1977, Putman walked over an unbarricaded hole in the third level of the plant and fell fifty feet. Putman was an experienced pipefitter. He and his pipefitter crew had been working on the third level since Wednesday, May 4, along with a crew of boilermakers. The flooring on level three consisted of panels of steel grating measuring eight feet by three feet. The panels were moveable to permit access to the areas below. On Wednesday, Thursday, and Friday a panel was removed so

equipment and tools needed in the construction of the plant boiler could be lifted. Since Wednesday the hole had been guarded by a barricade of permanent steel railings on the north and south sides of the opening. The east and west sides were tied of with three-fourth inch Manila rope.

When the construction workers arrived on Friday morning the hole was tied off. Shortly after 8:00 A.M., the foreman of the boilermaker crew, Roy Thomas, took down the rope barrier with help from a member of his crew. The rope was then used to raise blocks from a lower level to level three. Thomas stayed in the area a while and then went to get some equipment, leaving the hole unbarricaded. Putman walked through the area eight to twenty minutes later. While looking upward he stepped into the hole and fell, sustaining the injuries which resulted in his death.

In answer to special issues, the jury found that Missouri Valley failed to provide Haskell Putman with a safe place to work; that Roy Thomas removed the rope barrier which guarded the opening in the floor through which Putman fell; that Thomas left the immediate area without replacing the rope barrier and that each act resulted from a heedless and reckless disregard of the rights of others. The jury was instructed as follows:

"Heedless and reckless disregard means more than momentary thoughtlessness, inadvertence or error of judgment. It means such an entire want of care as to indicate that the act or omission in question was the result of conscious indifference to the rights, welfare or safety of the persons affected by it."

The jury awarded exemplary damages in the sum of $50,000.

Mrs. Putman argues that there is evidence of such an entire want of care as would amount to conscious indifference and would support an award of exemplary damages. In *Burk Royalty Company v. Walls*, 616 S.W.2d 911 (Tex.1981), decided today, we rejected the application of the "some care" test in reviewing gross negligence findings in workers' compensation cases. Under the no evidence test, "all evidence must be considered in a light most favorable to the party in whose favor the verdict has been rendered, and every reasonable inference deducible from the evidence is to be indulged in such party's favor." *Harbin v. Seale*, 461 S.W.2d 591, 592 (Tex.1970). *Accord: Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

The evidence favorable to the jury's finding of gross negligence was:

(1) The rope barrier was purposefully removed by the foreman to be used to lift equipment from a lower level.

(2) After taking down the rope barrier, the foreman left the hole unguarded.

(3) Company safety rules contained no instructions on temporary floor openings.

(4) While Missouri Valley had safety training and procedures, it conducted no safety testing.

The court of civil appeals sustained Missouri Valley's "no evidence" points of error. Missouri Valley, as appellant, presented several points of error in the court of civil appeals which were rendered immaterial under its holding. Some of those points challenged the sufficiency of the evidence to support the jury findings of gross negligence. This court has no jurisdiction to determine those points of error. Thus, we remand the cause to the court of civil appeals for determination of the points of error not yet considered. *McClure v. Allied Stores of Texas, Inc.*, 608 S.W.2d 901, 905 (Tex.1980); *Custom Leasing, Inc. v. Texas Bank & Trust Co.*, 491 S.W.2d 869, 872 (Tex.1973).

The judgment of the court of civil appeals is reversed and the cause remanded to that court.

GREENHILL, C. J., and McGEE, DENTON, and BARROW, JJ., concur in the result.