Loretta Jane FORBUS et al., Appellants,

v.

CITY OF DENTON, Texas, Appellees.

No. 18243.

Court of Civil Appeals of Texas, Fort Worth.

Feb. 21, 1980.

Rehearing Denied March 20, 1980.

Law Offices of Windle Turley, P. C. and Sylvia M. Demarest, Dallas, for appellants.

Clyde Bracken, Dallas, for appellees.

## OPINION

SPURLOCK, Justice.

Family members of a prisoner who died from a fire in his cell appeal the summary judgment rendered against them in their suit for wrongful death against the City of Denton. The main issue on appeal is whether under the facts of this case § 14(9) of the Texas Tort Claims Act, Tex.Rev.Civ. Stat.Ann. art. 6252–19 (1970), applies to exempt the City from any liability. Particularly involved are the questions of whether the death of a prisoner setting fire to the mattress in his jail cell is a "death connected with any act or omission arising out of civil disobedience . . .", and whether the City's decision to use the type of mattress provided for prisoners is a policy fundamental to the method of police protection or merely a decision incidental to the implementation of such a policy.

We reverse and remand.

In 1975 Jerry Forbus was arrested for "suspicion of lunacy" and incarcerated in the Denton City Jail. The appellants allege that he was not thoroughly searched because he had matches in his possession while in his cell. Forbus demanded to be allowed to make a number of telephone calls. After his demands were denied, he set the mattress in his cell on fire. The mattress smoldered and emitted toxic fumes. Forbus was burned and injured by the inhalation of the fumes. He was hospitalized and died fifteen days later as a result of these injuries.

Surviving members of Forbus' family brought this suit against the City of Denton and others alleging wrongful death caused by the City's negligence in failing to properly search and supervise Forbus, and in failing to provide a fire retardant mattress. The City moved for summary judgment on the sole ground that the Texas Tort Claims Act does not waive the City's sovereign immunity because this case falls within the exemption of § 14(9). The trial court agreed with the City, severed it from the suit, and rendered a summary judgment that the appellants take nothing.

As a general rule governmental authorities have sovereign immunity from suit. However, § 3 of the Texas Tort Claims Act waives the sovereign immunity of a municipality in all non-proprietory activities with certain exceptions enumerated in the Act. Section 3 (Supp. 1980), provides in part:

"Each unit of government in the state shall be liable for money damages for . . . death or personal injuries so caused from some condition or some use of tangible property, real or personal, under circumstances where such unit of government, if a private person, would be liable to the claimant in accordance with the law of this state. Such liability is subject to the exceptions contained herein . . . ."

These exceptions are the exemptions listed in § 14. The exemption upon which the City relies is § 14(9) which provides:

"The provisions of this Act shall not apply to:

" . . .

"(9) Any claim based on an injury or death connected with any act or omission arising out of civil disobedience, riot, insurrection or rebellion or arising out of the failure to provide, or the method of providing, police or fire protection."

In contending that § 14(9) exempts it from the waiver of immunity in § 3, the City alleges that the appellants' claim is based on a death connected with an act of civil disobedience, i. e. Forbus setting his mattress on fire. In our opinion such an act is not within the purview of § 14(9).

We conclude the type of civil disobedience § 14(9) intends to include are commotions involving a large number of persons acting unlawfully in concert. See 33 Tex.Jur.2d *Insurrection* § 1 (1962) and *State v. Terrell*, 588 S.W.2d 784 (Tex.1979). Here the act was that of a single individual. There is nothing in the record to indicate that Forbus died from injuries sustained in a prison riot or other large scale commotion. Thus, the City has failed to prove that Forbus' death was connected with an act arising out of civil disobedience contemplated by § 14(9).

The City also claims that § 14(9) applies because Forbus' death arose out of the method of providing police protection. The Texas Supreme Court, in *State v. Terrell, supra*, discussed § 14(9). Its analysis of the exemption indicates that the provision concerning the "failure to provide" or the " 'method of providing' police or fire protection" is intended to limit judicial review of the policy decisions governmental entities must make in deciding on how much, if any, police or fire protection to provide for a community. The court decided that if the negligence alleged related to the formulation of policy, the governmental entity remains immune from liability. If however, the negligence is in the manner in which the policy is implemented, liability may exist under the Act. In *Terrell*, the court reasoned that the state's policy of setting a maximum speed limit and detecting violators by the use of radar equipped patrol cars was a policy decision which was exempt from an accusation of negligence. However, the fact that a highway patrolman collided with another vehicle while attempting to cross a highway to apprehend a speeder was an act not exempt as a formulation of policy. Rather it was an act which sought to implement the policy.

Applied to the facts of our case, the question raised is whether the decision to provide a particular type of mattress to the prisoners in the jail was the formulation of a policy covered by the § 14(9) exemption, or a decision merely incidental to the implementation of the formulated policy. It is our opinion that the decision of *whether* to provide mattresses is a policy decision falling within the exemption. The decision as to *which particular type* of mattress to use is incidental to the policy to provide a mattress. It is thus related to the implementation of a formulated policy and is not exempt from an attack on the grounds of negligence.

In view of the above it is our opinion the trial court erred in rendering the summary judgment against the appellants. The judgment is reversed and the cause is remanded for a trial on the merits.