ONI, INC., Appellant,

v.

Jason SWIFT, Appellee.

No. 03–98–00484–CV.

Court of Appeals of Texas, Austin.

April 29, 1999.

Jerry D. Porter, Rash, Chapman, Schreiber & Porter, L.L.P., Austin, for appellant.

Bradley L. Houston, Dunagan-Weichert-Houston, Austin, for appellee.

Before Chief Justice ABOUSSIE, Justices KIDD and PATTERSON.

JAN P. PATTERSON, Justice.

Jason Swift sued ONI, Inc. ("ONI") and its owner and general manager, Geoffrey King, for damages Swift suffered as a result of being forcibly removed from a nightclub owned by ONI. The jury awarded Swift $1,250 for physical pain and injury, $250 for medical expenses, and $8,000 in exemplary damages. The trial court granted judgment for Swift in the amount of $9,500. We will affirm in part and reverse and render in part the trial court's judgment.

## THE CONTROVERSY

At approximately 2:30 a.m. on October 18, 1996, Swift had an argument with his girlfriend, Bethany Marquart, at the Buffalo Club, a nightclub owned by ONI. When Marquart turned away from Swift, Geoffrey King approached Swift from behind, placed him in a chokehold, and dragged him out of the club. Once outside, an unidentified assailant or assailants threw Swift to the ground and beat him. Swift suffered a broken blood vessel in his eye and lacerations near his eye and on his arm.

Swift sued ONI and King for damages. The jury found that King committed an assault on Swift inside the club that was the proximate cause of Swift's injuries. The jury failed to find that an employee of ONI assaulted Swift outside the club. ONI contends that the trial court erred in rendering judgment against it because: (1) the evidence is legally and factually insufficient to support an award of actual damages, and (2) the evidence is legally and factually insufficient to satisfy the statutory definition of "malice," a prerequisite to an award of exemplary damages.

## DISCUSSION AND HOLDINGS

In its first point of error, ONI argues that the trial court erred because the evidence is legally and factually insufficient to support the award of actual damages. ONI contends that Swift failed to present any evidence that he sustained injuries as the result of an assault inside the club. ONI argues that Swift's only evidence of pain or bodily injury was the pain and injury he suffered as a result of the assault by the unknown assailant or assailants outside the club.

In reviewing a legal sufficiency challenge, we consider all the evidence in the light most favorable to the prevailing party, indulging every reasonable inference in that party's favor. *See Associated Indem. Corp. v. CAT Contracting, Inc.,* 964 S.W.2d 276, 285–86 (Tex.1998). We will uphold the finding if more than a scintilla of evidence supports it. *See Burroughs Wellcome Co. v. Crye,* 907 S.W.2d 497, 499 (Tex.1995). The evidence supporting a finding amounts to more than a scintilla if reasonable minds could arrive at the finding given the facts proved in the particular case. *Id.; Transportation Ins. Co. v. Moriel,* 879 S.W.2d 10, 25 (Tex.1994). In reviewing a jury verdict to determine the factual sufficiency of the evidence, we consider and weigh all the evidence and set aside the judgment only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951); *Simons v. City of Austin,* 921 S.W.2d 524, 527 (Tex. App.—Austin 1996, writ denied).

Trial testimony showed that Swift and Marquart were celebrating Marquart's birthday at the Buffalo Club. Marquart became upset with Swift for dancing with another woman. When Marquart confronted Swift, he attempted to calm her, telling her that "nothing was going on." Swift put his hand on Marquart's arm, but she turned and walked away. Swift testified that, at this point, he was grabbed from behind and dragged out of the noisy, crowded club. Both Swift and Marquart testified that Swift neither yelled at Marquart nor threatened her before being removed from the club.

King testified that he observed Swift being verbally abusive to Marquart. He also testified that he saw Swift and Marquart push each other. King indicated that when a bouncer employed by ONI approached the couple to diffuse the situation, Swift had a physical altercation with the bouncer, provoking King to grab Swift about the neck and remove him from the club.

King testified that he did not consider his treatment of Swift to be "rough," but later stated that a headlock or chokehold could be considered "brutal" depending on the manner in which it is done. Swift testified that he did not remember whether he was able to breathe while being dragged out of the club; however, Swift testified that while working as a doorman and a bouncer at two other area nightclubs, he never placed a customer in a chokehold because an improperly applied chokehold could crush a person's wind pipe and result in death.

The jury answered "yes" when asked whether King committed an unjustified assault on Swift inside the Buffalo Club that was the proximate cause of injury to Swift. The jury is the sole judge of the credibility of witnesses and is entitled to accept or reject any testimony it wishes, as well as to decide what weight to give the testimony. *See Leyva v. Pacheco,* 163 Tex. 638, 358 S.W.2d 547, 549 (1962); *Simons,* 921 S.W.2d at 531. In the present case, the jury obviously accepted the testimony of Swift's witnesses over ONI's witnesses. In other words, the jury found Swift's witnesses more credible than ONI's witnesses or gave their testimony more weight.

After reviewing all of the evidence presented by both sides, we conclude that there is more than a scintilla of evidence supporting the jury's finding of actual damages. Additionally, we cannot say that the jury's finding is supported by evidence so weak as to make the verdict manifestly unjust. We overrule ONI's first point of error.

■ In its second point of error, ONI argues that the evidence is legally and factually insufficient to support the finding of malice necessary to award exemplary damages. *See* Tex. Civ. Prac. & Rem. Code Ann. § 41.003(a) (West 1997). The jury charge asked whether, by clear and

convincing evidence, the assault or assaults on Swift by ONI and King resulted from malice and defined malice as:

    (a) a specific intent by Defendants to cause substantial injury to *Jason Swift;* or

    (b) an act or omission by the Defendants,

        (i) which, when viewed objectively from the standpoint of Defendants at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

        (ii) of which Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

*See id.* § 41.001(7)(A), (B). Swift did not object to the submitted definition. The jury found that both ONI and King had acted maliciously but assessed exemplary damages only against ONI.

    The damages awarded in this case were based upon the jury's findings that Swift was assaulted inside the Buffalo Club and that the assault was malicious. "Assault" was defined in the charge as "intentionally, knowingly, or recklessly [causing] bodily injury to another." While the jury's finding of assault indicates that it considered ONI's actions to be unlawful or wrongful, "the fact that an act is unlawful is not of itself ground for an award of exemplary or punitive damages." *Continental Coffee Prods. Co. v. Cazarez,* 937 S.W.2d 444, 454 (Tex.1996) (citing *Jones v. Ross,* 141 Tex. 415, 173 S.W.2d 1022, 1024 (1943)). While every tort involves conduct that the law considers wrong, "punitive damages are proper only in the most exceptional cases." *Moriel,* 879 S.W.2d at 18.

    The definition of malice required the jury to find that ONI either intended to cause *substantial* injury to Swift or

acted in a manner involving an extreme degree of risk. A corporation may be liable for exemplary damages if it acts maliciously through the actions of a corporate officer. *See Mobil Oil Corp. v. Ellender,* 968 S.W.2d 917, 921–22 (Tex.1998). The record contains no evidence of ill-will, spite, or a specific intent on the part of King, a corporate officer, to cause substantial injury to Swift. *See Cazarez,* 937 S.W.2d at 454.

    There is no evidence to indicate that King and Swift had ever met before the night in question, nor is there any evidence that they interacted in any way that night before King grabbed Swift and removed him from the club. Furthermore, the evidence indicates that King's actions were not motivated by any wanton or malicious desire to injure Swift, but rather by King's belief that Swift was creating a disturbance in the club. *Id.* Finally, although Swift testified that an improperly applied chokehold could result in death, there is no evidence that King applied the hold in such a way as to create a likelihood of serious injury to Swift, nor is there any evidence that King had actual awareness of an extreme risk and proceeded in conscious indifference to the rights, safety, or welfare of Swift. *Moriel,* 879 S.W.2d at 22.

    None of the evidence suggests that the assault on Swift inside the Buffalo Club is the type of egregious violation for which exemplary damages are appropriate. Therefore, we conclude that there is no evidence from which the jury could reasonably infer that ONI acted maliciously. As malice is a statutory prerequisite to an award of exemplary damages, the trial court erred in rendering judgment consistent with the jury's award of exemplary damages.

## CONCLUSION

    Having held that the jury's finding that Swift was assaulted inside the Buffalo Club is supported by legally and factually sufficient evidence, we affirm the trial court's actual damage award. Because we

hold that no evidence exists to support the jury's finding of malice, we reverse the trial court's exemplary damage award and render judgment that Swift take nothing thereon.