TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00484-CV






ONI, Inc., Appellant



v.



Jason Swift, Appellee






FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY


NO. 234,895, HONORABLE ORLINDA L. NARANJO, JUDGE PRESIDING 







 Jason Swift sued ONI, Inc. ("ONI") and its owner and general manager, Geoffrey
King, for damages Swift suffered as a result of being forcibly removed from a nightclub owned
by ONI. The jury awarded Swift $1,250 for physical pain and injury, $250 for medical expenses,
and $8,000 in exemplary damages. The trial court granted judgment for Swift in the amount of
$9,500. We will affirm in part and reverse and render in part the trial court's judgment.


THE CONTROVERSY

 At approximately 2:30 a.m. on October 18, 1996, Swift had an argument with his
girlfriend, Bethany Marquart, at the Buffalo Club, a nightclub owned by ONI. When Marquart
turned away from Swift, Geoffrey King approached Swift from behind, placed him in a chokehold,
and dragged him out of the club. Once outside, an unidentified assailant or assailants threw Swift
to the ground and beat him. Swift suffered a broken blood vessel in his eye and lacerations near
his eye and on his arm. 

 Swift sued ONI and King for damages. The jury found that King committed an
assault on Swift inside the club that was the proximate cause of Swift's injuries. The jury failed
to find that an employee of ONI assaulted Swift outside the club. ONI contends that the trial court
erred in rendering judgment against it because: (1) the evidence is legally and factually insufficient
to support an award of actual damages, and (2) the evidence is legally and factually insufficient
to satisfy the statutory definition of "malice," a prerequisite to an award of exemplary damages.


DISCUSSION AND HOLDINGS

 In its first point of error, ONI argues that the trial court erred because the evidence
is legally and factually insufficient to support the award of actual damages. ONI contends that
Swift failed to present any evidence that he sustained injuries as the result of an assault inside the
club. ONI argues that Swift's only evidence of pain or bodily injury was the pain and injury he
suffered as a result of the assault by the unknown assailant or assailants outside the club. 

 In reviewing a legal sufficiency challenge, we consider all the evidence in the light
most favorable to the prevailing party, indulging every reasonable inference in that party's favor. 
See Associated Indem. Corp. v. CAT Contracting, Inc., 964 S.W.2d 276, 285-86 (Tex. 1998). 
We will uphold the finding if more than a scintilla of evidence supports it. See Burroughs
Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995). The evidence supporting a finding
amounts to more than a scintilla if reasonable minds could arrive at the finding given the facts
proved in the particular case. Id.; Transportation Ins. Co. v. Moriel, 879 S.W.2d 10, 25 (Tex.
1994). In reviewing a jury verdict to determine the factual sufficiency of the evidence, we
consider and weigh all the evidence and set aside the judgment only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. See Cain v. Bain, 709
S.W.2d 175, 176 (Tex. 1986); In re King's Estate, 244 S.W.2d 660, 661 (Tex. 1951); Simons v.
City of Austin, 921 S.W.2d 524, 527 (Tex. App.--Austin 1996, writ denied).

 Trial testimony showed that Swift and Marquart were celebrating Marquart's
birthday at the Buffalo Club. Marquart became upset with Swift for dancing with another woman. 
When Marquart confronted Swift, he attempted to calm her, telling her that "nothing was going
on." Swift put his hand on Marquart's arm, but she turned and walked away. Swift testified that,
at this point, he was grabbed from behind and dragged out of the noisy, crowded club. Both Swift
and Marquart testified that Swift neither yelled at Marquart nor threatened her before being
removed from the club.

 King testified that he observed Swift being verbally abusive to Marquart. He also
testified that he saw Swift and Marquart push each other. King indicated that when a bouncer
employed by ONI approached the couple to diffuse the situation, Swift had a physical altercation
with the bouncer, provoking King to grab Swift about the neck and remove him from the club.

 King testified that he did not consider his treatment of Swift to be "rough," but later
stated that a headlock or chokehold could be considered "brutal" depending on the manner in
which it is done. Swift testified that he did not remember whether he was able to breathe while
being dragged out of the club; however, Swift testified that while working as a doorman and a
bouncer at two other area nightclubs, he never placed a customer in a chokehold because an
improperly applied chokehold could crush a person's wind pipe and result in death.

 The jury answered "yes" when asked whether King committed an unjustified assault
on Swift inside the Buffalo Club that was the proximate cause of injury to Swift. The jury is the
sole judge of the credibility of witnesses and is entitled to accept or reject any testimony it wishes,
as well as to decide what weight to give the testimony. See Leyva v. Pacheco, 358 S.W.2d 547,
549 (Tex. 1962); Simons, 921 S.W.2d at 531. In the present case, the jury obviously accepted
the testimony of Swift's witnesses over ONI's witnesses. In other words, the jury found Swift's
witnesses more credible than ONI's witnesses or gave their testimony more weight.

 After reviewing all of the evidence presented by both sides, we conclude that there
is more than a scintilla of evidence supporting the jury's finding of actual damages. Additionally,
we cannot say that the jury's finding is supported by evidence so weak as to make the verdict
manifestly unjust. We overrule ONI's first point of error.

 In its second point of error, ONI argues that the evidence is legally and factually
insufficient to support the finding of malice necessary to award exemplary damages. See Tex.
Civ. Prac. & Rem. Code Ann. § 41.003(a) (West 1997). The jury charge asked whether, by clear
and convincing evidence, the assault or assaults on Swift by ONI and King resulted from malice
and defined malice as:


(a) a specific intent by Defendants to cause substantial injury to Jason Swift; or


(b) an act or omission by the Defendants, 


 (i) which, when viewed objectively from the standpoint of Defendants at
the time of its occurrence, involved an extreme degree of risk,
considering the probability and magnitude of the potential harm to
others; and


 (ii) of which Defendants had actual, subjective awareness of the risk
involved, but nevertheless proceeded with conscious indifference to
the rights, safety, or welfare of others.



See id. § 41.001(7)(A), (B). Swift did not object to the submitted definition. The jury found that
both ONI and King had acted maliciously but assessed exemplary damages only against ONI.

 The damages awarded in this case were based upon the jury's findings that Swift
was assaulted inside the Buffalo Club and that the assault was malicious. "Assault" was defined
in the charge as "intentionally, knowingly, or recklessly [causing] bodily injury to another." 
While the jury's finding of assault indicates that it considered ONI's actions to be unlawful or
wrongful, "the fact that an act is unlawful is not of itself ground for an award of exemplary or
punitive damages." Continental Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 454 (Tex. 1996)
(citing Jones v. Ross, 173 S.W.2d 1022, 1024 (Tex. 1943)). While every tort involves conduct
that the law considers wrong, "punitive damages are proper only in the most exceptional cases." 
Moriel, 879 S.W.2d at 18.

 The definition of malice required the jury to find that ONI either intended to cause
substantial injury to Swift or acted in a manner involving an extreme degree of risk. A
corporation may be liable for exemplary damages if it acts maliciously through the actions of a
corporate officer. See Mobil Oil Corp. v. Ellender, 968 S.W.2d 917, 921-22 (Tex. 1998). The
record contains no evidence of ill-will, spite, or a specific intent on the part of King, a corporate
officer, to cause substantial injury to Swift. See Cazarez, 937 S.W.2d at 454. 

 There is no evidence to indicate that King and Swift had ever met before the night
in question, nor is there any evidence that they interacted in any way that night before King
grabbed Swift and removed him from the club. Furthermore, the evidence indicates that King's
actions were not motivated by any wanton or malicious desire to injure Swift, but rather by King's
belief that Swift was creating a disturbance in the club. Id. Finally, although Swift testified that
an improperly applied chokehold could result in death, there is no evidence that King applied the
hold in such a way as to create a likelihood of serious injury to Swift, nor is there any evidence
that King had actual awareness of an extreme risk and proceeded in conscious indifference to the
rights, safety, or welfare of Swift. Moriel, 879 S.W.2d at 22.

 None of the evidence suggests that the assault on Swift inside the Buffalo Club is
the type of egregious violation for which exemplary damages are appropriate. Therefore, we
conclude that there is no evidence from which the jury could reasonably infer that ONI acted
maliciously. As malice is a statutory prerequisite to an award of exemplary damages, the trial
court erred in rendering judgment consistent with the jury's award of exemplary damages. 


CONCLUSION

 Having held that the jury's finding that Swift was assaulted inside the Buffalo Club
is supported by legally and factually sufficient evidence, we affirm the trial court's actual damage
award. Because we hold that no evidence exists to support the jury's finding of malice, we reverse
the trial court's exemplary damage award and render judgment that Swift take nothing thereon.



 

 Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed in Part; Reversed and Rendered in Part

Filed: April 29, 1999

Publish



 of error, ONI argues that the evidence is legally and factually
insufficient to support the finding of malice necessary to award exemplary damages. See Tex.
Civ. Prac. & Rem. Code Ann. § 41.003(a) (West 1997). The jury charge asked whether, by clear
and convincing evidence, the assault or assaults on Swift by ONI and King resulted from malice
and defined malice as:


(a) a specific intent by Defendants to cause substantial injury to Jason Swift; or


(b) an act or omission by the Defendants, 


 (i) which, when viewed objectively from the standpoint of Defendants at
the time of its occurrence, involved an extreme degree of risk,
considering the probability and magnitude of the potential harm to
others; and


 (ii) of which Defendants had actual, subjective awareness of the risk
involved, but nevertheless proceeded with conscious indifference to
the rights, safety, or welfare of others.



See id. § 41.001(7)(A), (B). Swift did not object to the submitted definition. The jury found that
both ONI and King had acted maliciously but assessed exemplary damages only against ONI.

 The damages awarded in this case were based upon the jury's findings that Swift
was assaulted inside the Buffalo Club and that the assault was malicious. "Assault" was defined
in the charge as "intentionally, knowingly, or recklessly [causing] bodily injury to another." 
While the jury's finding of assault indicates that it considered ONI's actions to be unlawful or
wrongful, "the fact that an act is unlawful is not of itself ground for an award of exemplary or
punitive damages." Continental Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 454 (Tex. 1996)
(citing Jones v. Ross, 173 S.W.2d 1022, 1024 (Tex. 1943)). While every tort involves conduct
that the law considers wrong, "punitive damages are proper only in the most exceptional cases." 
Moriel, 879 S.W.2d at 18.

 The definition of malice required the jury to find that ONI either intended to cause
substantial injury to Swift or acted in a manner involving an extreme degree of risk. A
corporation may be liable for exemplary damages if it acts maliciously through the actions of a
corporate officer. See Mobil Oil Corp. v. Ellender, 968 S.W.2d 917, 921-22 (Tex. 1998). The
record con